United States District Court
Southern District of Texas
**ENTERED**
June 22, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIMY GONZALEZ AVILES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-3025 |
| | § | |
| MARKWAYNE MULLIN, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Jimy Gonzalez Aviles ("Petitioner"), a citizen of Mexico, entered the United States without admission or parole in July 2004.[1] Petitioner was taken into Immigration and Customs Enforcement custody on March 16, 2026.[2] On March 17, 2026, Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the Untied States at any time or place other than as designated by the Attorney General."[3] On May 7, 2026, an immigration judge ordered Petitioner removed from the

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 2 ¶ 2; Respondents' Motion to Summary Judgment and Response to the Petition for Writ of Habeas Corpus ("Respondents' MSJ"), Docket Entry No. 6, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 6, p. 2.

[3]Id.

United States to Mexico.[4]  Petitioner reserved the right to appeal that decision and remains in immigration custody.[5]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates due process.[6]  Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 6).  Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[7]  Petitioner has filed a reply.[8]

Petitioner's mandatory detention does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)).  Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates

---

[4]Id.

[5]Id. at 2–3.

[6]Habeas Petition, Docket Entry No. 1, pp. 16–22 ¶¶ 52–71.

[7]Respondents' MSJ, Docket Entry No. 6, pp. 1–2.

[8]Petitioner's Reply to Respondents' Response to Petition for Writ of Habeas Corpus, Docket Entry No. 7.

detention of applicants for admission until certain proceeding have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED,** and Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 22nd day of June, 2026.

_____

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE